IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

STATE OF WASHINGTON, )
) No. 75367-3-I
Respondent, )
) DIVISION ONE
v. )
)
BRADFORD MARSELAS JOHNSON, ) UNPUBLISHED OPINION
)
Appellant. ) FILED: November 13, 2017
_____ )

BECKER, J. — Bradford Johnson seeks reversal of his robbery conviction based on alleged prosecutorial misconduct. We affirm.

Two men robbed a medical marijuana dispensary in Everett on September 28, 2015. They threatened the store clerk with what appeared to be a gun and made off with money and marijuana.

Police identified Johnson and Garrett Comer as suspects. Both were later charged with first degree robbery. Comer pled guilty, indicating in his plea statement that he committed the crime with Johnson.

Johnson's case went to trial in June 2016. The sole contested issue was the identity of Comer's accomplice; the defense position was that the State lacked sufficient proof that Johnson participated in the crime. The dispensary clerk testified and identified Johnson as one of the robbers. Another State witness, Comer's friend, testified that he saw Comer and Johnson on September

28 and Comer told him that he and Johnson had robbed the dispensary. The jury also considered store security footage depicting the robbery. The footage included images of Comer's accomplice sufficient to help the jury identify him. Comer testified for the defense. He said that he committed the crime with an unidentified "black male" who was not Johnson. Johnson did not testify.

The jury returned a guilty verdict. Johnson was sentenced to 36 months' confinement and 18 months' community custody. He appeals from the judgment and sentence.

Johnson argues that he was deprived a fair trial due to prosecutorial misconduct. He must demonstrate that in the context of the record and all of the circumstances of trial, the prosecutor's conduct was both improper and prejudicial. In re Pers. Restraint of Glasmann, 175 Wn.2d 696, 704, 286 P.3d 673 (2012). Misconduct is prejudicial if there is a substantial likelihood it affected the jury verdict. Glasmann, 175 Wn.2d at 704.

Johnson contends the prosecutor misrepresented testimony by Comer about tattoos. Comer testified on direct in the defense case that he believed his accomplice had a tattoo on his forearm that said "'Loyalty'" in cursive and "read downwards from his elbow to his wrist." During cross-examination, Comer testified that he has a tattoo on his own arm that says "'Respect'" in cursive. The prosecutor asked, "So identical to the tattoo in the one you described on the black male?" Comer responded, "No. . . . There's different sort of cursive fonts." The prosecutor then asked, "But basically the same tattoos, 'Respect' tattoo?" Comer responded that he thought his accomplice's tattoo said "'Loyalty.'" On

2

redirect, Comer repeated that he believed his accomplice's tattoo said "'Loyalty.'" Police testimony established that Johnson does not have a "Loyalty" tattoo.

In closing, the prosecutor argued that Comer was not a credible witness. He suggested that Comer fabricated the story about his accomplice's tattoos by using his own tattoo as a model. But it was the prosecutor who mixed up the two tattoos. Although Comer consistently testified that he thought the accomplice's tattoo was the word "Loyalty," the prosecutor asserted that Comer had first described it as the word "Respect."

> He described this arm tattoo, and first he described it on direct as the word "Respect."
> And then on cross we asked, Well, wait. You have a tattoo that says "Respect." So you guys had matching tattoos?
> And then he said, No, no. no. I'm sorry. He had a tattoo, the black male had the tattoo "Loyalty." He couldn't remember his own story.
> Garrett Comer was coming up with these tattoos as he went along, and suddenly, he got confused. He started referencing his own tattoo instead of this black male's tattoo.
> Why? Because he's not telling truth. It's hard to keep lies in your mind and keep track.

A defense objection to these remarks was overruled.

During defense closing argument, counsel described Comer's testimony differentiating his tattoo from his accomplice's. Counsel reminded jurors to rely on their recollection of witness testimony.

The prosecutor raised the tattoo issue again on rebuttal:

> What the evidence is, is on June 3rd, Garrett Comer started talking about these tattoos. He came up with them. He's the one who created it. . . .
> . . . Of course, he did make one mistake. Counsel didn't talk about this but let's do talk about it.
> The "Respect," because that's Garrett Comer's tattoo. Garrett Comer testified that it was the black male's tattoo. He

3

screwed up. Garrett Comer got confused about the story he was telling and corrected it and said it was "Loyalty."

A prosecutor has wide latitude to argue reasonable inferences from the evidence and may comment on a witness's veracity so long as a personal opinion is not expressed and the comments are not intended to incite the jury's passion. Glasmann, 175 Wn.2d at 704; State v. Stith, 71 Wn. App. 14, 21, 856 P.2d 415 (1993). A prosecutor may not mislead the jury by misstating the evidence. State v. Guizzotti, 60 Wn. App. 289, 296, 803 P.2d 808, review denied, 116 Wn.2d 1026 (1991). Johnson contends the prosecutor's remarks about the tattoos and Comer's credibility were unsupported by the evidence and conveyed the prosecutor's personal opinion that Comer was lying.

Comer did not testify that Johnson had a "Respect" tattoo. The prosecutor misstated the evidence by asserting that he did. But viewing the prosecutor's remarks in the context of the record and all the circumstances of trial, we conclude that the prosecutor simply misspoke in the above excerpts. We do not view the remarks as a personal opinion on Comer's veracity or as a deliberate attempt to mislead the jury. Aside from the tattoo testimony, there was ample evidence to support an inference that Comer lacked credibility. For example, the prosecutor suggested it was unrealistic that Comer would not know the name of his accomplice, as Comer alleged, in light of his testimony that they had spent time together on several occasions before the robbery. The prosecutor also discussed Comer's assertion in his plea statement that Johnson was his accomplice.

In any event, Johnson has not shown prejudice. He argues only that "Identification of Comer's accomplice was the sole contested issue at trial, with Comer's testimony being the heart of the defense." He does not explain with any particularity how the challenged remarks affected the jury verdict.

Appellate costs will not be imposed against Johnson. The State recognizes costs may not be imposed because there has been no change in Johnson's indigent status. RAP 14.2.

Affirmed.

Becker, J.

WE CONCUR:

Trickey, A CJ        Spearman, J.

5